UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE OSWALDO CRUZ-MUNOZ
(A-092-799-850),

        Petitioner,

    v.

WARDEN, CAL. CITY DETENTION
FACILITY, et al.,

        Respondents.

No. 1:26-cv-1619 TLN CSK

ORDER AND FINDINGS AND
RECOMMENDATIONS

Petitioner Jose Oswaldo Cruz Munoz (A-092-799-850), a native and citizen of Guatemala, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  In October 1998, petitioner's status was adjusted to that of lawful permanent resident of the United States.  On November 12, 2025, petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") officials.  ICE initiated removal proceedings against petitioner based on his criminal convictions.  This habeas action concerns petitioner's November 12, 2025 detention.  For the reasons that follow, the Court recommends that the petition for writ of habeas corpus be denied.

I.      FACTUAL BACKGROUND

Petitioner is a native and citizen of Guatemala.  (ECF No. 9-1 at 27.)  In October 1998,

---

[1]  Petitioner is proceeding in forma pauperis and without counsel.  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

petitioner's status was adjusted to lawful permanent resident of the United States.  (Id.)  On or around April 20, 2006, petitioner was convicted of three counts of first degree robbery in violation of California Penal Code § 211, one count of second degree robbery in violation of California Penal Code § 211, two counts of kidnapping in violation of California Penal Code § 207(A), one count of driving without the owner's consent in violation of California Vehicle Code § 10851(A), one count of burglary in violation of California Penal Code § 211 and two sentence enhancements pursuant to California Penal Code § 12022.53(B).  (Id. at 19, 21.)  Petitioner was sentenced to 30 years in prison.  (Id. at 19.)

On November 12, 2025, upon release from the Substance Abuse Treatment Facility in Corcoran, California, petitioner was transferred into the custody of ICE.  (Id. at 6.)  On November 12, 2025, petitioner was issued a Notice to Appear charging petitioner with being subject to removal under Immigration and Nationality Act ("INA") section 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as having been convicted of an aggravated felony as defined in INA section 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G), a law relating to a theft offense including receipt of stolen property or burglary offense for which the term of imprisonment at least for one year was imposed.  (Id. at 27.)  The Notice to Appear cited petitioner's April 20, 2006 conviction for first degree robbery.  (Id. at 27, 30.)

Petitioner's removal proceedings remain pending.  (ECF No. 9-1 at 2, ¶ 7.)

## II.  PROCEDURAL BACKGROUND

On February 26, 2026, petitioner filed his petition for writ of habeas corpus, a motion to proceed in forma pauperis, and a motion to appoint counsel.  (ECF Nos. 1-3.)  On March 2, 2026, the district judge referred the matter to the assigned magistrate judge for all further proceedings.  (ECF No. 6.)  On March 3, 2026, this Court granted petitioner's motion to proceed in forma pauperis and set a briefing schedule.  (ECF No. 7.)  On March 11, 2026, respondent filed an answer to the petition.  (ECF No. 9.)  Petitioner was granted ten days to file a reply/traverse to the answer but did not do so.  (See ECF No. 7; Docket.)  Briefing is now complete.

## III.  LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual

2

detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**IV.     DISCUSSION**

Petitioner challenges his continued detention on the grounds that his prolonged detention violates the Fifth Amendment procedural due process clause.[2] (ECF No. 1 at 20-21.) Referring to petitioner's 2006 convictions for robbery and burglary, respondents argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B), as he is deportable for being convicted of an aggravated felony defined by 8 U.S.C. § 1101(a)(43)(G). (ECF No. 9 at 3-4.)

In analyzing petitioner's challenge to his detention, the court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). The Court concludes that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(B) because he is subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) based on his criminal conviction under California Penal Code § 211, robbery, an aggravated felony, as charged in the Notice to Appear. Petitioner was sentenced to 1 year and 4 months for each of his first degree robbery convictions. (ECF No. 9-1 at 19.) The INA has defined "aggravated felony" to include "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment" is at least one year. 8 U.S.C. § 1101(a)(43)(G). The Ninth Circuit found robbery under California Penal Code § 211 to be an

---

[2]  Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes petitioner's claim as a Fifth Amendment due process claim challenging his detention, and not limited to a claim challenging his detention pursuant to 8 U.S.C. § 1231. The Court also notes that respondent acknowledges that § 1231 does not apply to petitioner. (See ECF No. 9 at 3.)

aggravated felony for purposes of § 1127(a)(2)(A)(iii).  See United States v. Martinez-Hernandez, 932 F.3d 1198, 1206-07 (9th Cir. 2019).

To the extent petitioner contends that he is detained pursuant to 8 U.S.C. § 1231(a), this is incorrect because petitioner's removal proceedings remain pending.  See Ocampo v Holder, 629 F.3d 923, 926 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)) (an order of removal becomes final "only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order.").  Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States … therefore is not statutorily entitled to a bond hearing."  Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2018).

This does not end the inquiry, however, because petitioner has raised a due process claim. The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law.  U.S. Const. amend. V.  "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992).  "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."  Zadvydas, 533 U.S. at 693.  "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary."  Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified."  Id. at 532.  In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)."  Loba L.M. v. Andrews, et al., No. 1:25-cv-00611-JLT-SAB,

2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention ... under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, et al., No. 1:26-CV-01192-DJC-CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)).

In the petition, petitioner states that he received a bond hearing on January 21, 2026, and

that the immigration judge denied bond after finding that petitioner is a danger to society.[3] (ECF No. 1 at 10.) For individuals detained pursuant to § 1226(c) for more than six months and/or whose detention is indefinite or unreasonably prolonged, the due process ordered to be provided has been a bond hearing, not release. See, e.g., Keo v. Chestnut, et al., No. 1:26-CV-01192-DJC-CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Jose G. M. L. v. Warden of the Golden State Annex Detention Facility, et al., No. 1:26-CV-0047-TLN-EFB, 2026 WL 472987, at *5 (E.D. Cal. Feb. 19, 2026) (granting preliminary injunctive relief for a bond hearing where the petitioner's detention under § 1226(c) exceeded six months); Loba L.M. v. Andrews, et al., No. 1:25-cv-00611-JLT-SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025). As a result, even assuming petitioner has a protected liberty interest in his freedom from detention, petitioner has received due process where he was provided with a bond hearing before an immigration judge who determined petitioner was a danger. The Court therefore recommends that the petition for writ of habeas corpus be denied.

**V.    MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. Because the interest of justice do not require appointing counsel in this matter, petitioner's motion for appointment of counsel is denied without prejudice.

**VI.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is DENIED WITHOUT PREJUDICE;

IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED.

---

[3] In the answer, respondent does not address petitioner's first bond hearing.

6

2. The Clerk of the Court be directed to enter judgment in favor of respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **ten days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 30, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Muno1619.imm.FR/2